STATE of Missouri, Respondent,

v.

Clifford McAUSLAND, Appellant.

Clifford McAUSLAND,
Movant–Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57849, 59935.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 25, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 24, 1992.

Application to Transfer Denied
June 2, 1992.

Cheryl Rafert, St. Louis, for appellant.

William L. Webster, Atty. Gen., Hugh L. Marshall, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Presiding Judge.

Defendant, Clifford McAusland, was convicted, following a jury trial, of unlawful use of a weapon and sentenced to imprisonment for five years. Thereafter, defendant filed a motion for post conviction relief under Rule 29.15, which was denied following an evidentiary hearing. Defendant appeals from his conviction and the denial of his motion for post conviction relief. We affirm.

The evidence, viewed in a light most favorable to the verdict, discloses that on November 1, 1987, defendant and his wife were passengers in a car driven by a friend (driver). A police officer noticed that one of the car's tail-lights was not working properly. The officer followed the car to a convenience store where driver parked the car.

The officer saw defendant exit the car and walk to the back of the store and then walk out without making a purchase. Defendant got back into the front seat of the car with wife and driver. Driver drove the car back onto the street.

The officer followed and turned his spot light toward the interior of the car. With the light illuminating the passenger compartment, the officer observed defendant

reach behind his back and remove an object from the waistband of his pants. Defendant reached forward and put the object under his seat.

The officer stopped the car and approached the vehicle on the passenger side. When he looked in at defendant, the officer saw several bullets on the seat between defendant's legs. The officer ordered defendant and wife to exit the vehicle.

The officer searched the car and found a fully loaded, operational, nine millimeter pistol under the seat. The officer also found eleven, nine millimeter bullets and a set of brass knuckles.

On direct appeal, defendant first claims that the trial court erred in denying his motion for directed verdict because there was insufficient evidence to prove that defendant knowingly possessed the pistol found by the officer.

A person is guilty of unlawful use of a weapon if he knowingly conceals "[u]pon or about his person ... a firearm ... readily capable of lethal use ..." Section 571.-030.1(1), RSMo (1986). Here, evidence was presented that a handgun was found hidden from view under defendant's seat; the weapon was loaded and operational; and bullets were found on the seat. Finally, the arresting officer testified that he saw defendant remove something from his waistband and place it under the seat where the weapon was located. Clearly, the jury could infer that defendant had a pistol on his person and that he tried to hide it under the seat of the car. There was substantial evidence from which the jury could reasonably conclude that defendant knowingly possessed the weapon. Defendant's point is denied.

We have considered defendant's remaining claims of error on direct appeal. No jurisprudential purpose would be served by a written opinion on those points. The points are denied. Rule 30.25(b).

Defendant's final points concern his Rule 29.15 motion in which he raised various claims of ineffective assistance of counsel. We have carefully reviewed the record. The judgment of the motion court is based on findings of fact that are not clearly erroneous; no error of law appears. A written opinion would have not precedential value. Defendant's point of error relative to his Rule 29.15 motion is denied. Rule 84.16(b).

Defendant's conviction is affirmed. The denial of defendant's Rule 29.15 motion is affirmed.

SIMON and AHRENS, JJ., concur.